ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN 15 A 9 45
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE LEE MATHAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-018 |
| | ) | |
| Officer JAY COLEMAN, Treutlen P.D.C., | ) | |
| and Sergeant SHARP, Truetlen P.D.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Treutlen Probation Detention Center in Soperton, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Officer Jay Coleman; and (2) Sergeant Sharp. (Doc. no. 1, pp. 1, 4.) Plaintiff indicates that Defendants are

correctional officers at Treutlen Probation Detention Center. (Id.) Plaintiff alleges that on January 3, 2012, Defendant Coleman "pushed [Plaintiff]," "cursed [Plaintiff] as if [he were] an animal," and stated that he was allowed to put his hands on Plaintiff. (Id. at 5.) Plaintiff provides no further details regarding the encounter, but he contends that the act amounted to cruel and unusual punishment because the law does not allow a "hands on facility." (Id.)

Plaintiff further alleges that on January 17, 2012, Defendant Sharp placed him in hand cuffs and ordered him to get on his knees and to "fix him in a (sexual way)." (Id.) According to Plaintiff, when he refused to comply with this order, Defendant Sharp slammed him to the floor, causing his head to strike a copy machine. (Id.) Plaintiff also alleges that Defendant Sharp mistreated other Treutlen Probation Detention Center inmates. In particular, he alleges that Defendant Sharp subjected one other inmate to sexual abuse and that he forced another inmate to get a hair cut in violation of facility regulations. (Id.) Plaintiff seeks compensatory damages for his alleged injuries. (Id. at 6.)

## II. DISCUSSION

### A. No Claim Against Defendant Coleman

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has failed to state a viable § 1983 claim against Defendant Coleman.

Plaintiff alleges that Defendant Coleman "pushed [him]," an act which he contends constituted cruel and unusual punishment. (Id. at 5.) "The Eighth Amendment's

proscription of cruel and unusual punishments also governs prison officials' use of force against convicted inmates." Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). Excessive force claims are evaluated under a two-prong test, which involves an objective and a subjective element.

First, based on an objective standard, Plaintiff must allege facts demonstrating that he suffered a "sufficiently serious" deprivation that was harmful enough to establish a constitutional violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Although there is no requirement that a plaintiff suffer significant injury, "'*de minimis*' uses of physical force" are beyond constitutional recognition, provided that the use of force is not of a sort "repugnant to the conscience of mankind."[1] Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). As a result, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." (quoting Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973))). Indeed, the Supreme Court has specified that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1178 (2010).

Regarding the subjective prong, Plaintiff must allege facts demonstrating that the

---

[1]Notably, however, the absence of injury alone is not a sufficient basis upon which to dismiss an Eighth Amendment claim. Hudson, 503 U.S. at 4-7.

3

actions taken involved the unnecessary and wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 319 (1986). The subjective element requires consideration of "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 7); Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996).

Here, Plaintiff's sole allegation of force regarding Defendant Coleman is that he pushed Plaintiff, without any indication that the push resulted in any discernable injury. (Doc. no. 1, p. 5.) This allegation fails to provide any indication that Defendant Coleman applied more than *de minimis* force. Compare Hudson, 503 U.S. at 9-10 (finding officials applied more than *de minimis* force by inflicting severe beating resulting in bruises, swelling, loosened teeth, and cracked dental plate), with White v. Holmes, 21 F.3d 277, 280-81 (8th Cir. 1994) (finding officer only applied *de minimis* force by swinging keys at inmate and slashing his ear), and Roberts v. Samardvich, 909 F. Supp. 594, 604 (N.D. Ind.1995) (finding officer only applied *de minimis* force by grabbing inmate, pushing him up stairs, and securing him in cell). As a result, Plaintiff's allegations fail to satisfy the objective element of his attempted excessive force claim against Defendant Coleman. See Wilkins, 130 S. Ct. at 1178 (indicating that a bare allegation of that an official pushed or shoved an inmate is insufficient to state a viable excessive force claim).

In addition, Plaintiff's allegations provide no indication that in pushing Plaintiff, Defendant Coleman engaged in any action involving the unnecessary and wanton infliction

4

of pain. (See doc. no. 1, p. 5.) Nor is there any indication that the act was done maliciously and sadistically to cause harm. Indeed, as noted previously, the extent of Plaintiff's allegations regarding the incident is that Defendant Coleman pushed him, and Plaintiff provides no facts suggesting that Defendant Coleman acted with an improper motivation. As a result, Plaintiff's allegations likewise fail to satisfy the subjective element of his attempted excessive force claim. See Whitley, 475 U.S. at 319. Therefore, Plaintiff's complaint fails to state a viable excessive force claim against Defendant Coleman.

Plaintiff's sole remaining allegation regarding Defendant Coleman is that he "cursed [Plaintiff] as if [he were] an animal" and said that he could place his hands on him. (Doc. no. 1, p. 5.) However, name calling or verbal abuse does not state a claim under 42 U.S.C. § 1983. See Stacey v. Ford, 554 F. Supp. 8, 9 (N.D. Ga. 1982); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *8 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.).

In sum, Plaintiff's complaint fails to state a claim upon which relief may be granted against Defendant Coleman. As a result, Defendant Coleman should be dismissed from this action.

### B. No Sexual Abuse Claim Against Defendant Sharp

The Court additionally concludes that Plaintiff's allegations fail to state a viable § 1983 sexual abuse claim against Defendant Sharp.

Under Eleventh Circuit law, "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 437 F.3d 1107, 1111

(11th Cir. 2006). Like excessive force claims, Eighth Amendment sexual abuse claims are evaluated under a two-prong test, which involves an objective and a subjective element.

The objective component requires that the conduct at issue be "objectively, sufficiently serious." Id. (quoting Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997), and Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)).[2] The objective prong is typically not met absent intrusive sexual contact, and isolated incidents of non-severe sexual harassment will not ordinarily rise to the level of conduct that is objectively, sufficiently serious. See id.; compare Boddie, 105 F.3d at 861 (finding prisoner's allegations that he was "verbally harassed, touched, and pressed against without his consent" were insufficient to satisfy the objective element of his attempted § 1983 sexual abuse claim), and Allen v. McDonough, Case No. 407-CV-469, 2011 U.S. Dist. LEXIS 107984, at *14 (N.D. Fla. Aug. 17, 2011) (collecting cases in support of the proposition that isolated incidents of non-severe sexual harassment are not sufficient to meet the cruel and unusual punishment standard), with Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000) (finding that prisoner stated

---

[2] Of note, in discussing the objective element of a § 1983 sexual abuse claim, the Eleventh Circuit held in Boxer X that the claimant had to show "more than *de minimis* injury." 437 F.3d at 1111 (citing Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)). However, the Eleventh Circuit derived this *de minimis* injury requirement from its excessive force precedent – Johnson involved an excessive force claim – and the Supreme Court later held that it is improper to reject an Eighth Amendment excessive force claim based solely on the absence of a sufficiently serious injury. See Wilkins, 130 S. Ct. at 1177 (holding that lower court erred by dismissing a prisoner's Eighth Amendment excessive force claim "based entirely on its determination that his injuries were '*de minimis*.'"). As subsequently explained, the Court does not rely on the absence of a significant injury in determining that Plaintiff fails to state a sexual abuse claim against Defendant Sharp.

a viable § 1983 sexual abuse claim based on allegation that "she was subjected to forcible sexual contact"). The subjective component "requires the prison official have a 'sufficiently culpable state of mind.'" Boxer X, 437 F.3d at 1111 (quoting Boddie, 105 F.3d at 861).

Here, Plaintiff has alleged that, on a single occasion, Defendant Sharp requested that Plaintiff perform a sexual act, a request that Plaintiff refused. (See doc. no. 1, p. 5.) Plaintiff does not allege that he was subjected to any intrusive sexual contact. While the Court finds that Plaintiff's allegation of being slammed to the ground after he refused to engage in the requested sexual conduct states a viable excessive force claim, see infra note 3, his allegation of a single incident of sexual harassment that did not result in intrusive sexual contact is insufficient to satisfy the objective element of his attempted sexual abuse claim. See Parker v. Dep't of Corr., Case No. 1:09-cv-00029, 2011 U.S. Dist. LEXIS 17247, at *1-3 (N.D. Fla. Feb. 18, 2011) (finding that prisoner established a claim for excessive force, but not sexual abuse, by showing that a correctional officer unsuccessfully attempted to sexually assault him and slammed his head into a door when the prisoner took action to prevent the sexual assault). As a result, Plaintiff's attempted § 1983 sexual abuse claim against Defendant Sharp should be dismissed.

### C. No Claim Based on Alleged Violations of Other Inmates' Rights

Plaintiff's allegations regarding the injuries allegedly suffered by other inmates also fail to state a claim upon which relief may be granted. While Plaintiff alleges that Defendant Sharp mistreated other inmates, Plaintiff may not bring claims on those inmates' behalf, as
7

he lacks standing to assert another inmate's rights. See Miller v. Conway, 331 F. App'x 664, 665 (11th Cir. 2009) (*per curiam*) (explaining that a prisoner lacks standing to pursue a claim regarding the violation of another prisoner's constitutional rights) (citing Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116 (11th Cir. 2003)); see also Church v. City of Huntsville, 30 F.3d 1332, 1335-36 (11th Cir. 1994). Accordingly, the claims Plaintiff attempts to raise on behalf of other inmates at Treutlen Probation Detention Center should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's excessive force claim against Defendant Coleman, his sexual abuse claim against Defendant Sharp, and his claims based on alleged violations of other inmates' rights be **DISMISSED**.[3] The Court further **RECOMMENDS** that Defendant Coleman be **DISMISSED** from this action.

SO REPORTED and RECOMMENDED this 15th day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Sharp based on Plaintiff's Eighth Amendment excessive force claim.

8