FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 21 AM 8:42
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE LEE MATHAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-018 |
| | ) | |
| Sergeant STEPHEN SHARPE, Treutlen P.D.C.,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who at the time he commenced this case was an inmate at Treutlen Probation Detention Center ("TPDC") in Soperton, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is before the Court on Defendant's motion to dismiss Plaintiff's case in light of his failure to notify the Court of his change of address. (Doc. no. 17.) As shown on the docket, mail sent to Plaintiff at TPDC by the Court on July 12, 2012, and December 4, 2012, was returned as undeliverable. (See doc. nos. 12, 16.) According to Defendant, his motion to dismiss (doc. no. 14), filed December 3, 2012, and sent by mail to Plaintiff at TPDC, was also returned as undeliverable. (Doc. no. 17, pp. 2-3.) In all three instances, the mail was returned with the notation on the envelope that Plaintiff was "not here." (See doc. nos. 12, 16, 17-1.) Thus, Defendant contends that the instant case should be dismissed pursuant to Fed. R. Civ. P. 41(b). (Doc. no. 17, p. 3.)

Although the Court is reluctant to rule on a dispositive motion without first hearing from

---

[1] In his motion to dismiss, Defendant Sharpe clarifies that his first name is Stephen and that his last name is spelled "Sharpe" rather than "Sharp." (Doc. no. 17, p. 1.) The **CLERK** is **DIRECTED** to modify the docket in this case in accordance with the caption above.

*pro se* Plaintiff, unfortunately, it is apparent that Plaintiff has failed to inform the Court of a change of address, making it impossible for the Court to communicate with him. Indeed, Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Court has specifically warned Plaintiff, "While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 8, p. 4.) The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his

---

[2]In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

2

case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's case for his failure to update his address with the Court be **GRANTED** (doc. no. 17), that Defendant's motion to dismiss for failure to exhaust administrative remedies be **DEEMED MOOT** (doc. no. 14), that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

3